G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
ERIC PAUL NEWMAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PAUL NEWMAN<br><br>    Plaintiff,<br><br>vs.<br><br>THE LAW OFFICES OF ST. AMANT AND ASSOCIATES,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action for actual and statutory damages brought by Plaintiff, Eric Paul Newman, an individual consumer, against Defendant, The Law Office of St. Amant and Associates, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3. Plaintiff, Eric Paul Newman, is a natural person with a permanent residence in Fair Oaks, Sacramento County, California 95628.

4. Upon information and belief the Defendant, The Law Office of St. Amant and Associates, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1 Ridgegate Drive, Suite 210, Temecula, California 92590. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's supervisor, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at his place of employment after being informed that Plaintiff's employer does not allow such communication.

10. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt he allegedly owed.

11. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

13. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by overshadowing the Plaintiff's rights and communicating with a third party

## CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

 (a) Defendant violated §1692d of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

 (b) Defendant violated §1692c(a)(3) of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

 (c) Defendant violated §1692c(b) of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by §1692b of the FDCPA; and

 (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

 (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

 (f) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Eric Paul Newman, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, The Law Office of St. Amant and Associates, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.
COMPLAINT AND DEMAND FOR JURY TRIAL

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Eric Paul Newman, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

DATED: August 14, 2012        By: _____
G. Thomas Martin, III
Attorney for Plaintiff