G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff
ERIC PAUL NEWMAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| ERIC PAUL NEWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE LAW OFFICES OF ST. AMANT AND ASSOCIATES,<br><br>Defendants. | Case No.: 2:12–CV–02127–LKK–KJN<br><br>**JOINT STATUS REPORT**<br><br>Date:        October 29, 2012<br>Time:        2:30 p.m.<br>Courtroom:   4<br>Judge:       Hon. Lawrence K. Karlton |

The undersigned counsel have conferred and jointly prepared the following report as instructed by the Order Setting Status (Pretrial Scheduling) Conference issued for the present matter on August 15, 2012.

Further, both counsels wish to appear at the scheduled Status conference telephonically as both counsels reside outside of Sacramento County. Counsel have agreed to coordinate with one another and will place a timely joint call from the telephone number 818-995-4540.

### a) Name of the parties counsel represents

Plaintiff ERIC PAUL NEWMAN is represented by attorney G. Thomas Martin, III; Defendant, THE LAW OFFICES OF ST. AMANT AND ASSOCIATES, is representing itself in this action.

### b) Summary of facts alleged

*Plaintiff* alleges Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's supervisor, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA. Defendant also attempted to communicate with Plaintiff at his place of employment after being informed that Plaintiff's employer does not allow such communication. Moreover, Defendant demanded payment on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt. Plaintiff alleges that Defendant violated the following provisions of the FDCPA: §1692d, §1692c(a)(3), §1692c(b), §1692e(10), and §1692g(b).

*Defendant* has no information or belief that any of the allegations in Plaintiff's complaint are true and therefore denies any and all of the allegations.

### c) Status of service of process on parties not yet served

All parties have been successfully served.

### d) Possible joinder of additional parties

The parties do not anticipate the joinder of any additional parties.

e) **Anticipated amendment of pleading**

The parties do not anticipate filing any amended pleadings in the present matter.

f) **The basis for jurisdiction and venue**

Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

g) **Anticipated motions and scheduling thereof**

Presently, Plaintiff does not anticipate the filing of any motions.

Defendant reserves the right to file further dispositive motions, including a Motion for Summary Judgment at the close of discovery, if warranted.

h) **Anticipated discovery and scheduling thereof**

1. The parties have met and conferred as required by Rule 26(f). The parties agree to exchange FRCP 26(a)(1)(C) Disclosures as required by Rule 26(a)(1) within fourteen (14) days of the meeting.

2. The Parties agree that discovery will need to be conducted regarding the following subjects: any and all communications between Plaintiff and Defendant; any and all information pertaining to Plaintiff's allegations and alleged damages suffered; and any and all information pertaining to Defendant's Affirmative Defenses. The parties further agree that discovery NOT be conducted in phases or limited, and that all discovery should be completed by April 14, 2013.

3. The parties propose to limit the use and number of discovery devices in accordance with the presumptive rules found within the Federal Rules of Civil Procedure and

propose no changes should be made in the limitations on discovery pursuant to the FRCP.

4. The parties do not anticipate the use of experts in this matter.

i) **Scheduling of future proceedings**

1. The parties propose the discovery cut-off date by <u>April 31, 2013</u>.

2. The parties propose the motion cut-off date be <u>June 1, 2013</u>.

3. The parties propose the final pretrial conference be in <u>September 2013</u> with trial in <u>October of 2013</u>.

j) **Appropriateness of special procedures**

Counsels for the parties do not consent to the jurisdiction of a magistrate judge.

k) **Timely demand for a jury trial**

Plaintiff made a timely demand for a jury trial in this matter in her Complaint.

l) **Estimate of trial**

The parties anticipate the trial will last 2-3 days.

m) **Modification of standard pretrial procedures**

The parties do not feel that modification of standard pretrial procedures is necessary in the present matter.

n) **Related cases**

The present case is not related to any other case in this district, bankruptcy or otherwise.

o) **Report of the Parties re: use of the Voluntary Dispute Resolution Program**

The parties have engaged in settlement discussions and will continue to do so in good faith. The parties agree to consider and discuss settlement and participation in the Court's VDRP

program, when and if the pleadings are at issue. Counsel for Plaintiff certifies that he has explained the VDRP rules and procedures to his client.

**p) <u>Matters which may be conductive to the just and efficient determination of action</u>**

None at this time.

DATED: October 15, 2012

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
Attorney for Plaintiff

DATED: October 15, 2012

RESPECTFULLY SUBMITTED,
**THE LAW OFFICES OF ST. AMANT AND ASSOCIATES**

By: /s/Paul St. Amant
Paul St. Amant
Attorney for Defendant